IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-72,199-02






IN RE COY REECE









ON MOTION FOR EMERGENCY RELIEF, MOTION FOR LEAVE TO FILE
APPLICATION FOR WRIT OF HABEAS CORPUS, AND APPLICATION FOR
WRIT OF HABEAS CORPUS FROM CAUSE NO. 08-03836

IN THE 191ST DISTRICT COURT

DALLAS COUNTY




 Per Curiam. 


O R D E R



 We have before us a motion for emergency relief, a motion for leave to file an
application for writ of habeas corpus, and an application for writ of habeas corpus.

 Applicant is currently involved in a civil suit for damages. During a deposition taken
in the underlying civil case, applicant allegedly committed perjury. The plaintiff below filed
a motion for sanctions and to compel applicant to comply with the court's discovery orders. 
The trial court held applicant in contempt for lying during a deposition and ordered that he
be immediately confined in the Dallas County jail from May 28, 2009, until June 11, 2009. 
Applicant sought habeas relief from the Fifth Court of Appeals on May 29, 2009. The court
of appeals granted applicant's request for emergency relief and ordered him discharged from
confinement. However, on June 11, 2009, the court of appeals dismissed applicant's petition
for want of jurisdiction and vacated its order granting him emergency relief from the
contempt judgment. Plaintiff below filed a motion for the trial court to enter a new
commitment order, and applicant filed for habeas relief in this Court. This Court denied
applicant leave to file because applicant failed to properly invoke the habeas jurisdiction of
this Court. In re Reece, No. WR-72,199-01 (Tex. Crim. App. Jun. 17, 2009)(not designated
for publication).

 Subsequently, the trial court issued a new commitment order, and applicant has been
incarcerated. Applicant has again filed for emergency relief in this Court and for leave to file
an original application for writ of habeas corpus. Although this Court does have the
authority to act in this case pursuant to Article 5, § 5, of the Texas Constitution, we decline
to do so. Effective 1981, Article 5, § 3(a), of the Texas Constitution was amended to give
the Texas Supreme Court and the Justices thereof the authority to issue writs of habeas
corpus. The underlying case in this matter is civil. A great deal of the authority applicant
cites as support for his position in the instant filings is from the Texas Supreme Court. 
Therefore, applicant is denied leave to file in this Court without prejudice to pursue his
remedies in the Texas Supreme Court.

 IT IS SO ORDERED THIS THE 24th DAY OF JUNE, 2009.


Do Not Publish